## NORTH *v.* KNOWLTON and others.[1]

## ORTON *v.* NORTH.[1]

### (*Circuit Court, D. Minnesota.* March, 1885.

MORTGAGE—PRIOR RECORD OF SECOND MORTGAGE—CONSTRUCTIVE NOTICE—FORECLOSURE.

> The rule that if the owner of a prior unrecorded mortgage puts it on record before a subsequent purchase of the property the record will be constructive notice to the purchaser, is applicable to a case where the purchase is upon the foreclosure of a mortgage prior in record, but subsequent in date.

In Equity.

On July 24, 1878, Knowlton and wife made their promissory note to the order of Anna North for $700, with interest at the rate of 9 per cent. per annum, with coupons attached, payable at the office of Corbin Banking Company, unpaid interest drawing 10 per cent.; and on failure to pay interest within five days after due, the holder may collect principal and interest at once. The note was secured by first mortgage on lots 1, 2, 3, 4, and 5, and S. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$, section 5, township 121, range 46, situated in Big Stone county, Minnesota. Mortgage was recorded August 3, 1878, in Big Stone county. On April 1, 1880, Knowlton and wife made their note for $200, payable to W. I. Austin, or order, six months after date, with interest at 10 per cent. per annum, and also made their note for $200, payable 18 months after date to order of W. I. Austin, at 10 per cent. interest, and secured the two notes for the aggregate sum of $400 by mortgage on said property covered by first mortgage, which was recorded in the county of Stevens, state of Minnesota, June 20, 1880; and the same mortgage was also recorded in Big Stone county, May 8, 1882. The first mortgage also was recorded in Big Stone county, May 31, 1881. The Austin mortgage was foreclosed under the power of sale by virtue of the statute of the state of Minnesota, and on default the property was sold, April 12, 1882, to C. K. Orton, he being the highest bidder, for the sum of $513.51, and a certificate given the purchaser by the sheriff. He went into possession, and on April 26, 1883, commenced an action in the state court against North to determine the adverse claim, which was removed to this court and stands

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

for hearing. There were other conveyances from Orton and wife, but the case, by stipulation of counsel and other proceedings, has been freed from any embarrassment on that account. Suit is brought by Anna North to foreclose her mortgage, making Orton a defendant, and the two cases are heard together. No defendant appears but Orton. At the time her mortgage was first recorded, August 3, 1878, Big Stone was an unorganized county, and continued so until February, 1881. It was attached to Stevens county for judicial purposes, and conveyances and mortgages by statute were authorized to be recorded in Stevens county, and until the record of May 31, 1881, her mortgage was not properly recorded so as to give constructive notice of its existence and its contents. Austin's mortgage was properly recorded, and, though later in date, it was prior in record to the North mortgage.

*C. J. Berryhill*, for Anna North.

*L. Emmett*, for C. K. Orton.

NELSON, J. The purchaser, Orton, at the foreclosure sale of the Austin mortgage, is entitled to a decree in his favor, if Austin took his mortgage without notice of the North mortgage, actual or constructive, and paid a valuable consideration therefor. Gen. St. Minn. 1878, p. 537, § 21. He cannot claim precedence of title unless the evidence clearly establishes these facts; for it is not disputed that at the time of his purchase the North mortgage was properly recorded, and it is well settled that if the owner of the prior unrecorded mortgage puts it on record before a subsequent purchase of the property, the record would be constructive notice to the purchaser; and this rule applies where the purchase is upon the foreclosure of a mortgage prior in record, but subsequent in date. See 3 Washb. Real Prop. 282–287. It is necessary for North to show that Austin had actual notice or knowledge of facts sufficient to put him upon inquiry to ascertain if there was any incumbrance or lien prior to his mortgage when he took it, and if this is not proved, it is still necessary for Orton to show that Austin paid value for his mortgage. The Austin mortgage contains an erasure of the covenant against incumbrances; it was a printed form containing several other covenants, and none were erased but this. No explanation is given, and it is a fair inference that there was a motive known to Austin for this erasure; at least, Orton should offer some explanation, which he fails to do.

Again, the evidence that Austin paid the $400 consideration mentioned is not full and satisfactory. Orton is the only witness, and his testimony is brief. He says: "I know what that mortgage was given for; it was given for lumber sold by Austin to Knowlton and put into a house which Knowlton was erecting at that time." It was necessary to prove a consideration actually paid; the recital in the mortgage of such payment is not enough, and this proof is too meager and unsatisfactory. The conclusion is that Orton does not stand in

the situation of a *bona fide* purchaser for a valuable consideration, and has no precedence of title, by virtue of his purchase, to defeat a foreclosure by North.

Decree ordered in favor of North, and a reference to B. F. Shipman, master.